UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY BOBADILLA, | No. 2:16-cv-0226-GEB-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |
| J. LIZZARAGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, commenced this action in the Amador County Superior Court. Defendants Smiley, Lizarraga, Coffin, and Guzman removed it to this court on February 4, 2016.[1]  Defendants have paid the filing fee. Plaintiff seeks leave to proceed in forma pauperis (IFP) and requests service of the complaint. He also seeks leave to amend the complaint.

**I.  Application to Proceed IFP**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, plaintiff's request for leave to proceed in forma pauperis is granted.

/////

---

[1] Defense counsel represents that defendants Smiley, Lizarraga, Coffin, and Guzman were served on January 10, 2016, and that none of the other named defendants – Cochran, Murphy, Warrell, or Montez – have been properly served. ECF No. 2, ¶ 3; ECF No. 2-1, ¶¶ 7-9.

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

**III.     Screening Order**

Plaintiff's complaint names Lizarraga, Murphy, Cochran, Guzman, Worrell, Smiley, Coffin, and Montez as defendants.[2] It alleges generalized claims of failure to protect, sexual assault, harassment, retaliation, cruel and unusual punishment, inadequate mental health care, and equal protection violations. However, the only facts actually alleged relate to a clothed patdown search by defendant Guzman, which allegedly involved inappropriate sexual touching. *See* ECF No. 2 at 22 (alleging that Guzman "ran his four fingers up and down between [plaintiff's] buttocks making [plaintiff] feel like [he] was violated."). Plaintiff also alleges that certain defendants responded to his inmate appeal at various steps in the administrative process.

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief.[3] Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* To proceed, plaintiff must file an amended complaint.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

---

[2] Plaintiff seeks leave to amend his complaint. ECF No. 8. The proposed amended complaint, however, names seven new defendants and it is not clear whether the claims against those defendants are related to the claims plaintiff intended to assert in the original complaint. ECF No. 9. Thus, it too, fails to assert a claim. However, in accordance with this screening, plaintiff will be allowed to file an amended complaint that addresses the deficiencies identified herein. If plaintiff believes that additional claims and defendants can be properly joined in this action, he may so allege in a properly pleaded amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (plaintiff may not change the nature of a suit by alleging new, unrelated claims). Therefore, the motion to amend is denied as moot.

[3] Accordingly, plaintiff's request for service of the complaint (ECF No. 7) is denied.

forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

In addition, the court notes that the following legal standards may apply to plaintiff's intended claims for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between

4

1 the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*
2 *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

3    Plaintiff may not sue any official on the theory that the official is liable for the
4 unconstitutional conduct of his or her subordinates*. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
5 He must identify the particular person or persons who violated his rights.  He must also plead
6 facts showing how that particular person was involved in the alleged violation.

7    The Eighth Amendment protects prisoners from inhumane methods of punishment and
8 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
9 2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to
10 support a claim that prison officials knew of and disregarded a substantial risk of serious harm to
11 the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,
12 1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement
13 claim, and only those deprivations denying the minimal civilized measure of life's necessities are
14 sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,
15 503 U.S. 1, 9 (1992).  Prison officials "must provide humane conditions of confinement,"
16 including "adequate food, clothing, shelter, and medical care."  *Farmer*, 511 U.S. at 832-33.

17    A mere threat of physical harm is not a constitutional wrong.  *See Gaut v Sunn*, 810 F.2d
18 923, 925 (9th Cir. 1987).  Likewise, verbal harassment alone does not violate the Eighth
19 Amendment.  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

20    To succeed on an Eighth Amendment claim predicated on the denial of medical care, a
21 plaintiff must establish that he had a serious medical need and that the defendant's response to
22 that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*
23 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to
24 treat the condition could result in further significant injury or the unnecessary and wanton
25 infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,
26 delay or intentional interference with medical treatment or by the way in which medical care is
27 provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).
28 /////

1    To act with deliberate indifference, a prison official must both be aware of facts from
2  which the inference could be drawn that a substantial risk of serious harm exists, and he must also
3  draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
4  he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
5  to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
6  altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
7  884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
8  even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
9  *Id.*

10   It is important to differentiate common law negligence claims of malpractice from claims
11 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
12 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
13 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
14 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391
15 F.3d 1051, 1057 (9th Cir. 2004).

16   "When prison officials use excessive force against prisoners, they violate the inmates'
17 Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298
18 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in
19 violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force
20 maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore
21 discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court
22 may evaluate (1) the need for application of force, (2) the relationship between that need and the
23 amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any
24 efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The
25 Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from
26 constitutional recognition *de minimis* uses of physical force, provided that the use of force is not
27 of a sort repugnant to the conscience of mankind." (internal quotation marks and citations
28 omitted)).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

Although prisoners have a right to be free from sexual abuse, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment." (internal quotation marks omitted)). A guard's physical sexual assault of an inmate, however, is "offensive to human dignity" and may violate the Eighth Amendment. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-97 (9th Cir. 1987). For an allegedly inappropriate body search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough). In the absence of a preexisting mental condition or a particularly invasive search, the humiliation allegedly suffered because of unwanted physical contact from a correctional officer "does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." *Watison*, 668 F.3d at 1112-14 (affirming dismissal of Eighth Amendment claim against correctional officer who allegedly entered inmate's cell while on the toilet, and rubbed his thigh against the inmate's thigh, while smiling and laughing).

For purposes of the Fourth Amendment, searches of prisoners must be reasonable to be constitutional. *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action was taken "because of" plaintiff's protected conduct.

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendants simply because they played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." (internal quotations omitted)).

To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants

acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

### IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's IFP application (ECF No. 4) is granted.
2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in this action being dismissed for failure to state a claim.
3. Plaintiff's request for service of the complaint (ECF No. 7) is denied.
4. Plaintiff's motion for leave to amend the complaint (ECF No. 8) is denied as moot.

DATED: February 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE