UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOBADILLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LIZZARAGA, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0226-GEB-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 11), he has filed an amended complaint (ECF No. 12) and two motions for injunctive relief (ECF Nos. 13, 14).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's amended complaint pursuant to § 1915A and concludes that it must be dismissed without further leave to amend. Like the original complaint, the amended complaint concerns an allegedly unauthorized patdown search by defendant Guzman on

1

November 28, 2013. Specifically, the amended complaint asserts claims of sexual misconduct, excessive force, and violations of the Fourth Amendment based on allegations that Guzman, with "no reasonable suspicion," "ran his four (4) fingers up and down between plaintiff's buttocks" after plaintiff exited the dining hall. ECF No. 12, ¶¶ 24-31. The court previously informed plaintiff of the legal standards applicable to plaintiff's intended claims for relief:

> "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).
>
> . . . A guard's physical sexual assault of an inmate, however, is "offensive to human dignity" and may violate the Eighth Amendment. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-97 (9th Cir. 1987). For an allegedly inappropriate body search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough). In the absence of a preexisting mental condition or a particularly invasive search, the humiliation allegedly suffered because of unwanted physical contact from a correctional officer "does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." *Watison*, 668 F.3d at 1112-14 (affirming dismissal of Eighth Amendment claim against correctional officer who allegedly entered inmate's cell while on the toilet, and rubbed his thigh against the inmate's thigh, while smiling and laughing).
>
> For purposes of the Fourth Amendment, searches of prisoners must be reasonable to be constitutional. *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)).

1  ECF No. 11 at 6, 7-8.  In addition, the court warned that a complaint must contain more than

2  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3  of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Despite this guidance, the

4  allegations in the amended complaint are as vague and conclusory as those in the prior complaint.

5  There are no specific factual allegations demonstrating that the search was malicious and sadistic,

6  that it caused anything beyond momentary discomfort, or that it was unreasonably invasive within

7  the meaning of the U.S. Constitution.  Moreover, the search allegedly took place upon plaintiff's

8  exit from the dining hall, and it is well established that there is a legitimate penological interest in

9  controlling the movement of contraband within penal institutions.  *Bell v. Wolfish*, 441 U.S. 520,

10 553-555 (1979); *see also Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir. 1985) (routine pat

11 down searches which include the groin area, even when performed by guards of the opposite sex,

12 do not violate a prisoner's constitutional rights).  For these reasons, the allegations regarding

13 defendant Guzman's search fail to demonstrate a constitutional violation.  Similarly, the

14 allegations that defendant Cochran witnessed the search but failed to intervene or that any other

15 defendant failed to report the search or to discipline Guzman for his alleged misconduct, fail to

16 state a claim upon which relief could be granted.

17     The amended complaint also alleges that numerous defendants improperly handled or

18 reviewed plaintiff's administrative appeals.  The court previously informed plaintiff that

> [t]here are no constitutional requirements regarding how a grievance system is
> operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that
> prisoner's claimed loss of a liberty interest in the processing of his appeals does
> not violate due process because prisoners lack a separate constitutional entitlement
> to a specific prison grievance system).  Thus, plaintiff may not impose liability on
> defendants simply because they played a role in processing plaintiff's inmate
> appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an
> administrative "grievance procedure is a procedural right only, it does not confer
> any substantive right upon the inmates.  Hence, it does not give rise to a protected
> liberty interest requiring the procedural protections envisioned by the fourteenth
> amendment." (internal quotations omitted)).

26 ECF No. 11 at 8.  Like the original complaint, the amended complaint fails to state a claim based

27 upon any defendant's purported role in processing plaintiff's administrative appeals.

28 /////

The amended complaint also alleges that defendants Montes, Coffin, and Telander displayed a deliberate indifference to plaintiff's serious mental health needs. In this regard, the original screening order informed plaintiff as follows:

> To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).
>
> To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*
>
> It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

ECF No. 11 at 5-6. With respect to defendant Montes, the amended complaint alleges that Montes told plaintiff he was brave for pursuing an administrative appeal regarding the patdown search, but did not report the search, and that Montes did not conduct an urgent suicide risk assessment or follow up with a routine mental health evaluation   These allegations fail to demonstrate that plaintiff had a serious mental health need or that Montes responded to that need with deliberate indifference. As for Coffin, the only allegation is that Coffin brushed plaintiff off when plaintiff tried to discuss the search with him and that he refused to forward a CDCR form

22 to Montes. The amended complaint also alleges that defendants Coffin and Telander were involved in the processing of plaintiff's administrative appeal. Again, these allegations fail to demonstrate that plaintiff had a serious mental health need or that Coffin or Telander responded to that need with deliberate indifference. Thus, the amended complaint also fails to state a claim against defendants Montes, Coffin, and Telander.

The court previously informed plaintiff that an amended complaint should only include claims that are related to those he intended to assert in the original complaint. ECF No. 11 at 2 n.3, 4. Despite this instruction, the amended complaint includes additional allegations that are unrelated to the November 28, 2013 patdown search by defendant Guzman, including the following: (1) "false" rules violation reports issued against plaintiff on December 6, 2013 (by defendant Sepulveda for inciting a riot), March 2, 2014 (refusing to follow DOT Procedures), March 4, 2014 (by defendant Zapata for refusing to provide a urinalysis test), May 7, 2014 (by defendant Buckner for disobeying orders), June, 1, 2014 (by defendant Soares for failure to follow written orders), June 2, 2014 (refusing to provide a urinalysis test), and June 3, 2014 (participation in a riot); (2) retaliation by defendant Buckner following a May 25, 2014 fight; (3) unnecessary use of force by defendant Ali on July 18, 2014; (4) a loss of personal property in or around June 2014 and unspecified violations of the Fourteenth Amendment; and (5) a denial of legal materials in May and June of 2014. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[1]

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. R. Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief or to properly join all of his claims in a single action. Therefore, this action should be dismissed without further leave to amend.[2]  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Plaintiff also seeks injunctive relief.  However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[3]  At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits.  *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982).  As discussed above, his complaint must be dismissed and he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

/////

---

multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

[2] Given the shotgun nature of the pleading, severing the misjoined claims and allowing them to continue in separate lawsuits is not recommended.  If plaintiff chooses to pursue any of his misjoined claims in a new action, he must proceed with haste so as to avoid any statute of limitations bar.

[3] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

1  Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No.
2  12) be dismissed without further leave to amend, the motions for injunctive relief (ECF Nos. 13,
3  14), be denied, and the Clerk be directed to close the case.
4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11  DATED:  July 26, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE